MINNEHAHA NATIONAL BANK OF SIOUX FALLS, SOUTH DAKOTA, Appellant, v. PENCE PHARMACY, Respondent.

(176 · N. W. 37.)

(File No. 4619.   Opinion filed January 30, 1920.   Rehearing denied March 26, 1920.)

1. **Negotiable Instruments—Forged Bank Check—Recovery by Drawee Bank Against Indorser, Payment—Defendant As Innocent Holder, Non-recovery Against.**

    Plaintiff drawee bank, cannot recover of an innocent indorser of a forged bank check paid by the bank; no negligence being imputed to defendant, who is an innocent holder in due course, while plaintiff with ordinary care might have discovered the forgery before payment, it being presumed to know the signature of the purported drawer.

2. **Negotiable Instruments—Payment of Forged Check By Drawee to Bona Fide Holder, Non-recovery From Bank—Negotiable Instruments—Law—Payment Through Clearing House, Effect Re Rule**

    The rule under the Negotiable Instruments Law is that, it being incumbent on drawee of a check to be satisfied that drawer's signature is genuine, if drawee pays to a bona fide holder guilty of no fraud or negligence a forged check, he is bound by his act, and cannot recover the money so paid; nor does the fact that the check was paid through a clearing house change the effect of the rule.

    Smith, J., concurring in the result.

Appeal from the Municipal Court of the City of Sioux Falls.   Hon. MARTIN BERGH, Judge.

Action by Minnehaha National Bank, of Sioux Falls, South Dakota, a corporation, against W. R. Pence, doing business as the Pence Pharmacy, to recover the amount paid by plaintiff upon a forged check.   From an order sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

*Kirby, Kirby & Kirby*, for Appellant.

*Berdahl, Waggoner & Stordahl*, for Respondent.

(1)   To point one of the opinion, Appellant cited:   Bank

v. Brule National Bank, 38 S. D. 396 (rehearing 168 N. W. 1054); National Bank v. Bangs, 106 Mass. 441; Greenwald v. Ford, 21 S. D. 28.

Respondent cited: Germania Bank v. Boutell (Minn.), 62 N. W. 327.

McCOY, P. J. It appears from the allegations of the complaint that on the 4th day of June, 1919, a certain check payable to the order of one Fay L. Finch was drawn on the Minnehaha National Bank, purporting to have been signed by the Allwork Tractor Company, by R. E. McCarthy, manager. Thereafter, on the 9th day of June, 1919, the said bank paid said check through the Sioux Falls Clearing House Association. At the time of the payment of said check there appeared the following indorsements thereon: "Fay L. Finch" and "The Pence Pharmacy." The plaintiff bank thereafter brought this action to recover the amount paid on said check from the defendant, the Pence Pharmacy. Demurrer was interposed to the complaint, alleging the foregoing facts on the ground that the same do not state a cause of action. From an order sustaining the demurrer plaintiff bank appeals.

[1, 2] It is the contention of appellant that this case is governed by the rule announced in the decision in First National Bank v. Brule National Bank, 38 S. D. 396, 161 N. W. 616, and on rehearing in 168 N. W. 1054. We are of the opinion that the facts of the present case are very materially different from those appearing in the Brule Bank Case. In that case a forged check drawn on a deposit in the First National Bank of Pukwana was presented to the Brule bank for payment, and payment was made by the Brule bank to the drawer, and the check was then forwarded by mail to the Pukwana bank, which made payment without discovering the forgery. The check in that case was signed by mark, and not by signature; the cashier of the Brule bank being a witness to the mark of the drawer. We held in effect, under the circumstances of that case, that the Brule bank was liable to the Pukwana bank on the theory that the Brule bank was negligent in not identifying the drawer, and that the Pukwana bank had not been negligent in the payment of said check when it received the same with the unqualified indorsement of

the Brule bank thereon. In the case present there is no negligence at all alleged to have been committed on the part of the Pence Pharmacy; neither are there any facts stated from which negligence might be imputed. In this case the appellant with ordinary care might have discovered the forgery before payment, as appellant would be presumed to know the signature of McCarthy, the purported drawer of said check. Joyce, Defenses to Commercial Paper, § 99. Again, the Pence Pharmacy did not indorse said check for the purposes or in the course of negotiation. It did not indorse said check for the purpose of transferring title, but for the purpose of receipting for the proceeds thereof. By no possibility, under the circumstances of this case, could the appellant be held to be an innocent holder in due course. If Fay L. Finch only had indorsed said check, and had delivered the same to appellant bank and was defendant in this case, instead of the Pence Pharmacy, then the decision in the Brule Bank Case might have some application. Respondent was the only innocent holder in due course of the check in question under the circumstances alleged. The rule under the Negotiable Instrument Law Laws 1913, c. 279) seems to be that, inasmuch as it is incumbent on the drawer of a check to be satisfied that the signature of the drawer is genuine, if he pays to a bona fide holder who has been guilty of no fraud or negligence a check to which the drawer's name has been forged, he is bound by his act, and cannot recover the money so paid. 8 C. J. 607; National Bank of Commerce v. Mechanics' Bank, 148 Mo. App. 1, 127 S. W. 429; United States v. Bank of N. Y., 219 Fed. 648, 134 C. C. A. 579, L. R. A. 1915D 797; First Nat. Bank. v. Cottage Grove Bank, 59 Or. 388, 117 Pac. 293; Germania Bank v. Boutell, 60 Minn. 189, 62 N. W. 327, 27 L. R. A. 635, 51 Am. St. Rep. 519. The fact that the check was paid through a clearing house does not change the effect of the rule. National Bank of Commerce v. Mechanics' Bank, supra. We are of the view that the demurrer was properly sustained.

The judgment appealed from is affirmed.

SMITH, J., concurs in the result.